UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

Michael Gibson

*(In the space above enter the full name(s) of the plaintiff(s).)*

REC'D JAN 23 2025

- against -

City of Philadelpia; and
"Ofc" Gerard Brennan 22nd "dist"
"Ofc" Carolyn Young 22nd "dist"
"Ofc" Sgt Richard Sharp 22 "dist"
"Ofc" Cpl Brooks     22nd dist
"Ofc" Sgt William Yancer  IAD
"Ofc" Capt Pasqual Agozzino IAD
"Ofc" "Insp." George J Kappe   IAD
Director of investigations Jamison Rogers C.P.O.C. "off" and "inv" CAP

**COMPLAINT**

Jury Trial: ☑ Yes  ☐ No

*(check one)*

Jury Trial Demanded.
Refilling after dismissal
without Prejudice.

---

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification
number and the name and address of your current place of confinement. Do the same for any additional
plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name              Michael Gibson
             Street Address    2130 N. Van Pelt Street
             County, City      Philadelpia, Philadelpia
             State & Zip Code   Pennsylvania  19121
             Telephone Number  267-370-4152

*Rev. 10/2009*

1

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _City of Philadelpia_

Street Address _1515 Arch Street 17th Floor_

County, City _Philadelpia, Philadelpia_

State & Zip Code _Pennsylvania 19102_

Defendant No. 2

Name _"OFc" Gerard Brennan_

Street Address _400 N. Broad Street_

County, City _Philadelpia, Philadelpia_

State & Zip Code _Pennsylvania 19130_

Defendant No. 3

Name _"OFc" Carolyn Young_

Street Address _400 N. Broad Street_

County, City _Philadelpia, Philadelpia_

State & Zip Code _Pennsylvania 19130_

Defendant No. 4

Name _"OFc" Sgt Richard Sharp_

Street Address _400 N. Broad Street_

County, City _Philadelpia, Philadelpia_

State & Zip Code _Pennsylvania 19130_

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C.  § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
   ☒ Federal Questions          ☒ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _1st amendment right of freedom of speech, expression Freedom from retaliation for exercising 1st amendment rights, 4th amendment violation unreasonable seizure_

23 - 4227 KSM

B ATTACHMENT

Defendants List

Part I

Defendant No.5 "Ofc" CPL. Brooks 22nd "dist"
        Street address 400 N. Broad Street
        County, City Philadelpia, Philadelpia
        State, Zip code Pennsylvania 19130

Defendant No.6 Name 'Ofc" William Yancer IAD
        Street Address 400 N. Broad Street
        County, City Philadelpia, Philadelpia
        State Zip Code Pennsylvania 19130

Defendant No.7 Name "Ofc" Pasqual Agozzino IAD
        Street Address 400 N. Broad Street
        County, City Philadelpia, Philadelpia
        State, Zip code Pennsylvania 19130

Defendant No 8 Name Ofc "Insp" George J Kappe IAD
        Street Address 400 N. Broad Street
        County, City Philadelpia Philadelpia
        State Zip Code Pennsylvania 19130

Defendant No 9 Name Director of Investigation Jamison
Rogers C.P.O.C. Street Address 1515 Arch Street 11th FL.
        County, City Philadelpia Philadepia
        State Zip Pennsylvania 19102

B. continued Federal constitutional statutory, treaty "RT" at issue of evidence, 5th amendment violation of right to due process, and right to not be subjected to government, threats, intimidation or coersion, to bypass legal proceedure. 4th amendment violation, unreasonable seizure of evidence, by coersion and collusion, 14th amendment right violation of equal protection under the law and due process.

C. If the basis for Jurisdiction is diversity of Citizenship, what is the state of citizenship of each party
   . Plaintiff's state of citizenship Pennsylvania
   Defendant's states of Citizenship UNKNOWN
   Presumption of Diversity of Citizenship.

JURISDICTION AND VENUE

1 Subject matter Jurisdiction is conferred upon This Honorable Court by 28 USC § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating Commerce, 28 USC § 1331, 42 USC § 1343 (4) 42 U.S.C. § 1985, 42 USC § 1983 and

4

2. Basis of JURISDICTION

Basis for Jurisdiction is This Court
has supplemental Jurisdiction over The
related State Law claims pursuant
to 28 USC § 1367 (a) because these
claims form a part of The same
same case, or controversy under
article III of The United State Constitution,
Plaintiff State Law claims share all The
Common operative facts with his
federal Law claims, and the parties
are identical

3. Resolving Plaintiff federal Law claims
in a single action, serve the interest
of Judicial economy, convenience,
Consistency, and fairness to The parties

4 The Court properly maintains personal
Jurisdiction over Defendants because
Defendants contacts with This State
and this Judicial district are sufficient
for The exercise of Jurisdiction
over Defendant to comply with
traditional notions of fair play
and substantial Justice, thus
satisfying the standard set forth.

23 - 4227 KSM

by the United States Supreme Court in International Shoe Co v. Washington. 326 US 310 (1945) and its progeny

5. Venue is appropriately laid in the United States District Court for the EASTERN DISTRICT OF PENNSYLVANIA persuant to 28 USC § 1391 (b)(2) inasmuch as all parties regularly conduct business within this district, and the act complained by the plaintiff arose herein.

III  Statement of Claim

6. Plaintiff hereby incorporates the prior and subsequent paragraphs of this complaint, as though fully set forth at length.

7 michael Gibson (hereinafter Plaintiff) hereby files this complaint pro se alledging, 42 USC § 1983 "equal protection violation," 14th amendment due process, 42 USC § 1985 "conspiracy to interfere with civil rights, libel, 1st amendment "Retaliation" for exercising 1st amendment right, freedom of speech, expression right to petition government.

6

False Claims Act (31 USC § 3729) "violation"

8 Plaintiff realledges, adopts and reasserts his pleadings, statement of claim statements of factual allegations in second amended complaint.

9 These pleadings are in paragraphs 7 thru 160 respectfully.

10 Plaintiff asserts, that the adoption of his pleadings in his second amended complaint is not peicemeal, but a necessity due to the complexity of the conspiratorial Extraordinary circumstances involving powerful public officials manipulating events, to change the outcome of this case.

11 The adoption of pleadings in Plaintiff's second a amended complaint is a necessity for the clarification of these events.

7

12. PLAINTIFF is a 75-yr old disabled Black man of a protected class.

13 The City of Philadelpia is a municipality of The Commonwealt of PENNSYLVANIA with a Local office address of 1515 ARCH STReeT 17th FLOOR.

14 Defendant owns, operates, manages directs and controls The Philadelpia Police Department ("PPD") The police INTERNAL AFFAIRS DIVISION ("IAD") Philadelpia Police Oversight Commission ("CPOC") whose agents, servants and employees at all times were acting within the course and scope of Their employment, UNDer The color of state law and operating persuant to official policies, customs or practices of their agencies,

15 PLAINTIFF Brings Forth This complaint, The JANuary 23 2023 "IAD" investigative repout, Final FINDING and disposition OF PLAINtiFF's allegation OF Police misconduct.

8

A    PLAINTIFF brings forth the actions of CPOC's investigations director Jamison Rogers a former Chester County P/O and detective, his investigative involvement, and handling of two separate police excessive force complaints.

16 The first event giving rise to Plaintiffs claim arose at and with the police IAD division on January 23, 2023 at the completion of sgt william Yancer's investigation

17 After a long wait and persuasion by plaintiff to CPOC Jamison Rogers Investigator, former Chester police officer, Detective director of investigations for the CPOC, Plaintiff received the report around JAN 5, 1030 AM

18 the second event giving rise to rise to Plaintiffs claims arose August 7, 2024 when Plaintiff received a Email regarding his complaint request to the City Council Chief of staff Elshafiyg Ali of councils 5th district as to "information" from the CPOC investigator Director Jamison Rogers as to why Plaintiff received.

NO disposition or district control
Number was issued or given to
Complainant, the plaintiff in this
Case by the police or the CPOC,

19 This was an violent assault and
battery on the plaintiff, a 74 yr old
disabled black man exercising his
Constitutional rights to file a
grievance guaranteed by the 5th
amendment due process Clause.

C    FACTUAL BACKGROUND

JANUARY 23, "IAD" Incident INVESTIGATION

20 Plaintiff incorporates the prior and
subsequent paragraphs in This complaint
as though fully set forth at Length,

Upon reviewing the "IAD" memorandum
plaintiff saw it was egregious,
appalling, defamatory, degrading
and Laden with fraudent Statements,

10

21  INACCURACIES so vile, outrageous
    it exhibited racial hatred and
    ANIMOUS,

22  IN This memorandum, Sgt William YANCEA
    sought to make PLAINTIFF Look LIKE
    a LIAR, a mentally ill person, that
    was irrational.

23  Sgt. WILLIAM YANCER FRAUDULENTLY
    misrepresented MULTIPLE
    facts, omitting the NUMBER of material
    police involved.

24  He stated PLAINTIFF was the aggressor
    during the time of The INCIDENT.

25  YANCER denied any assault, Battery
    illegal restraint, Excessive force
    threat of deadly force, or
    False imprisonment of PLAINTIFF
    took place.

26  Nearly every statement of this
    "OFo" Sgt William YANCER was FRAUDENT
    concealment and a conspired cover up
    of what actually occured JAN 20, 2015.

11

27    P/O Yancer and Agozzino did purposefully discriminate against plantiff on the basis of race.

They did not simply omit names in Their report or simply mischaracterize occurances, as court interpreted.

28    Both Yancer, Agozzino conspired to conceal and cover up Federal crimes and civil rights violations of Plaintiff's 4th 14th 5th, 1st amendment right by 2 not two police officers and written down in an official police investigative report.

29    Both men under the color of law injected Inferences, that involved the FBI That was not true.

30    This is a Federal crime statute 1001.

They both were in collusion collaborated agreement on their Lies Fraudulent misrepresentation Fraudulent concealment and That they both Fabricated that

12

I the victim of police brutality stated that the FBI staged a sexual discrimination lawsuit on me!

31. Vanzer's blatantly fabricated the statement, that I was certain the FBI were intercepting my documents personal files from Philadelphia municiple agencies!

32. I the plaintiff did state that documents were intercepted by the city solicitors Nicole Morris Frank Wehr, and present U.S. District Court Magistrate Judge Craig Straw has detailed knowing of this occurance.

33. It is plaintiffs presumption that true material facts of what occured regarding plaintiffs documents in the law dept. in the hands of city solicitors, some of who e were former US Attorneys, such as Anne Taylor Nicole Morris, I presume was made known to judges US Attorney prosecutors and other collegues in this United States Eastern District Court,

of IAO police officials sgt yancer capt Agozzino, both were in agreement with the statements made, collaborated on in their January 23, 23 memorandum and acceptance approval by IAO head of Internal Affair officer Inspector George J Kappe who signed off on their findings is conspiracy to interfere in Plaintiffs civil rights,

35 where in 455 of the due process clause, 14th amendment equal protection, 1st amendment right to be free from retaliation from government officials, was violated,

36 their actions, fabricated defamatory statements, are not just Libel but an ongoing conspiracy to achieve an ends,

37 Every statement plaintiff made to yancer in the documented recorded interview are the true material facts they concealed,

14

38 Upon receiving this memorandum from CPOC Director of investigations I was appalled at its contents

39 This treatment of plaintiff was disparate racially discriminatory, which is a pattern of the way police conduct business when it involves Black citizens, ie DOJ vPhila.

40 Upon discussion with CPOC director Janison Rogers, who was head of investigation, I found out he too was in agreement that my allegation of the 2015 of Feb 20 was unfounded.

41 The conspire & cover up of this incident, which resulted in the pernant loss of my beloved sister Debra Gibson was not only appauling but outregeous intentional harassment, intimidation, of injured crime victim, whistle blower on police corruption, in violation of whistle blower laws, plaintiffs 1st amendment rights, 14th equal protection, 455 Due process clause.

42 They 22ND district SgT Robert Sharp
IAD Sgt william Yancer, Capt
Agozzino conspired and corroborated
their Fraudulent account of the event
which occured on February 20 2015.

43 Their commanding officer head of
"IAD" Ofc INSP George U Koppe
who signed off on this January
23/23 memoradum is equally guilty
of violation of Plantiffs 1st
amendment rights and well as phaintiff
14th anendment rights of equal protection

44 22ND District reporting officers
Gerard Brennan and "Ofc Carolyn
Young are equally guilty of
violation of Phaintiffs 14th
amendment right of equal Protection
and Due process despite declining
to give statements

45 Plaintiff asserts, that all of these
officers Fraudulent Concealment, a
state Law claim falls under Federal

46  JURISDICTION, thru continued conspiracy and as a matter of LAW 28 USC § 1367 because these CLAIMS share, form a part of the same case or controversy under article III of the United States Constitution.

47  They share the same operative fact with Plaintiff Federal Law Claims.

48  In particular 42 USC § 1983 part of the Civil Rights Act of 1871, protects whistle blowers from retaliation by public official for disclosing constitutional violations such as plaintiff has exercised. during these outregeous circumstances.

49  On or around February 5 2023 plaintiff requested a disposition of the investigative findings of CPOC.

50  Plaintiff communicated with the CPOC Director of Investigations Jamison Rogers.

17

CPOC February 2023 October 2024 INCIDENTS

51    After numerous phone conversations with CPOC Director of Investigations during the 1st week of February 2023, the issuance of The "IAD's" MEMORANDUM of their findings it became evident to plaintiff Jamison Rogers was in concert with The police in "IAD" sgt william yancer, capt. Pasqual Ngozzino and "Insp." George J Kappe.

52    When during these interaction with Rogers, I requested aspects of his investigntive review, of his investigntuve determination Roger too stated he and the CPOC were in agreement with the above indicated officers.

53    Rogers specified plaintiffs allegations of public corruption, police brutality inaction of the 8 police officers allowance of the abduction of plaintiff incapacited sister under the threat of deadly force was unfounded.

18

54 Jamison Rogers in this conversation expressed sentiment that was unwavering

55 After Plaintiff elaborated on how IAD's investigator sgt william yancers investigatory claims of statements he said I made in a recorded interview was not only appalling offensive to me victim of police brutality, but defamatory degrading and Humiliating

56 Roger response was "Do you want to be referred to someone for psychiatric help.

57 Roger's response to plaintiff was clearly mirroring sgt yancers degrading fraudulent statement that plaintiff stated in the recorded interview as in his report "Michael Gibson stated he has been seen by doctors and phycologist from all over the world, who are able to validate his beliefs"

19

58  CPOC's investigator Roger collaboration
with IAD official sgt ymeer, capt
Agozzing and head of IAD
INSP. George J kappe is a
clear violation of plaintiff 14/4th
amendment rights to equal protection
due process ; due to his Failure to
fair due process investigating
Plaintiff's complaints of police misconduct.

59  Roger of the CPOC has violation Plaintiff
Due process rights by not only
colluding with IAD officials
Plaintiff implicated in prior
paragraphs and documented
pleadings but has in his correspondence
to ten of has staff at the CPOC
exposed his collaboration with
assistant district attorney Brett
Zakeosian of the special investigation
Unit of the DA's office.

60  Roger has abused his position
of power in an overt act of

61 Conspiracy to interfere with plaintiffs right to due process, equal protection as well as plaintiffs 1st amendment right to file grievence against government officials, who engage in public corruption.

62 It is plaintiff presumption Rogers actively participated in official oppession failing to review evidence that is inculpotory against the defendant police officers

63 Roger recently boast when he came into position as CPOC & 1st director of Investigations to channel 6 abc News Christie Ileto "there was No Investigative capacity at this level before he arrived."

64 Roger statement to New reporter on television channel 6abc News —

65  pac did have some investigators, but again the amount of authority at the time does not compare to where were at now" said Rogers

66  Rogers stated, "authority would include things like recommending charges and subpoena powers".

67  Rogers also stated on Abc news, that if IAD sent a report to them and they see missing peices, "they can send it back and ask them to take a second look at it" he added.

68  since the debut of the CPOC, the commission has been allocated more than 3 million dollars in taxpayer money'

69  It has been reported that the CPOC has not yet independently investigated not one complaint of police misconduct.

70 Plaintiff has openly stated before
City Council members, Philedelphia
citizens at the June 18 2024
City council hearing, that I stated
there is public corruption in the police
department.

71 plaintiff stated there is abuse of
power by police officials in
high positions and that plaintiff
was recently assaulted in the lobby
of the 2nd district police station

72 Plaintiff stated to Philadelpia
citicens and city council, that
they are doing everything to stop
him from testifying in Federal
court

73 Plaintiff stated he had bean threatwed
intimidated, attacked, and injured
to the point he suffered every
day and night from the officer
inflicted pain on him a 74 yr.
old man, who's only effort
was exerting his constitutional rights

23

## FALSE CLAIMS ACT VIOLATION

74 Plaintiff alledges, that from his knowledge belief and observation and interactions with CPOC director Janison Rogers Plaintiff received no help whatsoever when he reached out to this city official about a prior incident of police misconduct and most recently for assault and Battery on him the Plaintiff while exerting his 1st amendment right to file a criminal complaint.

75 Instead of assistance from Janison Rogers Plaintiff was met with indofference,

76 Plaintiff has observed this city official siding with the police investigative officer at IAD and most recently a assistant District attorney,

This is misappropriation of government funds, when service is not rendered.

24

77 CPOC Director Jamison Rogers action is a far cry from his statement to abc new pubucly broadcasted.

78 It is my presumption from his fraudulent statements to has correspondence, indicates he Jamison Rogers has colluded with with a assistant district attorney and the police in a conspiracy to deprive my constitution rights to equal protection and due process

79 Jamison Rogers also sent this defamatory charater damaging fraudulent correspondence to city council young chief of staff EL shaFiyq ALi where he stated he was working with the district attorney's office regarding plaintiff's complaints on police.

80 This officials action is a clear violation of the false claims act wherein, an municipal employee makes a false claim to the government he knows is false to gain power or promotion

25

81  On May 31 2024 9:49AM Director of Investigation at CPOC Jamison Rogers emailed approximately 7 of his staff this correspondence,

82  In part it stated Good morning Team, we are all familiar with Mr Gibson's frequent calls to this office regarding numerous unfounded complaints.

83  Some of you may also be aware he has been contacting the US attorney's office as well as the District Attorney office.

84  It goes on to say I the plantiff have been warned by the DA's office.

85  He referring to a ADA in the special investigation unit.

86  The ADA he is referring to is ADA Brett Zakeosian,

1

26

87 ON The 14th day of April 2023 Plaintiff
Email CPOC Director of investigation a
8 page document of unsworn testimony as to
the public corruption in The PPD and The
IAD on The coverup of The TRue material
Facts of what occured Feb 20 2015
when plaintiff called 911 for assistance
in a home invasion.

88 Plaintiff detailed what occured on
that document which I Emailed to him
and he acknowledged he received it

89 Plaintiff also Email the Police Commissioner
as well as City Solicitor Diana
Cootes with a Formal demand Letter
because plaintiff evidentrary document
Sent to both city solicitor Christoper
Ryder and mayor kenney was illegally
intercepted.

90 The Employment Labor Unit City Solicitors
wherein Ryder who was handling
Plaintiff Pennsylvania Human
Relation Discrimination case againt
The city plaintiff Filed denied ever
having received until Plaintiff went

23

27

to the office of the FBI, and
while there a tex message was sent
to plaintiff phone by city solicitor
Frank wehr stating he found
Documents,

91   Plaintiff was aware that city
     Solicitor Diana Cortes was a
     assitant district attorney in the
     Philadepia DAs office.

92  5 month later, upon inquiring as to
    the criminal complaint regarding
    attorneys and sabotaged complaint
    regarding police Excessive Force and
    its coverup I the plaintiff was
    assaulted by Ezekiel Cortes

93   It is Plaintiff presumption he is
     a relative of city Solicitor Diana
     Cortes.

     This incident is currently being
     coverup in a continuing conspiracy
     by IAD officials ADA Zakeosian
     and CPOC Jamison Rogers

28

94 These intentional actions of the police official I have implicated, have violated Plaintiff's 14th amendment rights, 1st amendment rights, 455 Due Process rights in violation of Title VI of civil rights act of (1964)

95 P/O C/P Brooks by not assigning a DC number (as is a police department required ment violated the above named civil rigts of Plaintiff

96 Sgt William Yancer, of IAD as well "Cpl" Raymond Sagessi who has denied any body cam footage of Cortes assault on Plaintiff exist,

97 Ajozzivo a corporal in IAD violated all of the civil rights of Plaintiff specified in the aformentioned above paragraphs.

98 Because of this overt act, of ongoing conspiracy to interfere in Plaintiff's civil rights by these official plaintiff is declining to name Sagessi Cortes as defendant until

99 which time, Plaintiff can have D.A. Larry Krasner or a special Prosecutor of the attorney General's Office or the Department of Justice Investigate this entire matter.

100 Plaintiff asserts all of the aformention and alledged actions of each of these 9 Individuals defendants violated and and are still in violation of Plaintiffs equal protection, rights, due process rights

101 Plaintiff asserts the actions of each named defendant in these Pleadings establish a discriminatory effect,

102 were motivated by discrimatory purpose,

103 Plaintiff asserts he is 75 yr old Black man with multiple disabilities of a protected class. In all plaintiff's interaction with these defendants plaintiff was

104   Denied due Process by each and
      every of the Named defendant number
      1 Thru defendant #9.

105   By conspiring to conceal inculpatory
      evidence of Police misconduct,
      police excessive Force, which recently
      injured Plaintiff in a Fashion he still
      suffers From the injury of tortorus
      assault and tortorous Battery.

106   Plaintiff is hindered From and
      obstucted From obtaining due Process.

107   Plaintiff alledges and asserts
      That each and every defendant
      #1 thru defendant #9 engaged in
      conspiracy to interfere with Plaintiffs
      1st 4. 5th an 14th amendments rights.

108   They did so with racial animus, and
      were motivated by either discriminatory
      intent in violation of the above stated
      rights in seeking a gain in power
      or promotion in the Form of Kickbacks,

                    BR

109    equal protection is typically not a
requirement when the defendant conspires
to interfere with rights.

110    JAMISON Rogers stated in his correspondence
to city Council member Jeffrey Young's
Chief of staff, that he was working
with the District attorney's office,
where himself and the ADA were in agreement.
Rogers forward City Council Chief of staff EL ALL
documents ZAKeosian coerced Plaintiff
to sign.

111    Plaintiff draft a formal Revokation
of that waiver, which Plaintiff
has already stated in previous pleading
to the federal judge in this case.

112    Plaintiff will submit after he refiles
his case.

113    it is plaintiffs presumption former
Chester County police) Detective was
compensated for not investigating
Plaintiffs Claims.
it is Plaint, ff presumption, he
adhered to the Blue wall of silence
and was compensated with a position —

32

114  as Chief of staff at the sheriff's Office,

115  the CPOC which Rogers was hired as Director of Investigation DID nothing for the tax paying citizens of Philadelpia.

116  when a municipal entity purports to provide a service at the expense 3 million in tax payer money, it is FRAUD.

117  it is not only FRAUD when services are not rendered, it is criminal when agent of that agency violate the state and federal laws,in violation of citizens rights,

118  Rogers proclaimed PLAINTIFF submitted fraudulent claims & her agency & all his staff.

the ADA he colluded with admitted to plaintiff the BodyCam Footage of P/O Ezekiel Cortes shows

32

119 The officer did put his hand on
    plaintiff.

120 Shortly thereafter Rogers submitted
    the fraudulent claim to a government
    officials that nothing occured.

121 This is clear violation of the False
    Claim Act.

122 Especially when the agency he
    represented received 3 million
    in City of Philadelpia tax
    payer money.

123 From the plaintiffs observation there appears
    to be a pattern of rewarding officers that
    remain silent in police misconduct cases.

124 The Department of Justice revealed in
    its case the DOJ v the City of
    Philadelpia encompasing police abuse
    unconstitutional practice and that
    the PPD had a pattern of police abuse.

    ie Bailey et al v City of Philadelia filed
    by ACLU showed Black and Latino men
    were dispoportionately targeted.

                        34

125 ON September 20, 2023 plaintiff went to the 22ND district police station to inquire as to why his criminal complaint for fraud was not sent to central detectives.

126 PLAINTIFF after 4 hour spoke to an officer requesting the disposition.

127 PLAINTIFF was given nowe and was assaulted by this officer, PLAINTIFF requested a supervisor and a officer came down stairs to to front window.

128 it was officer named Cpl. Brooks, a woman officer, I had previously spoken to regarding police misconduct ON officers at her district.

129 This officer refused to take my statement as to what just occured

Ofc Brooks gave me a envelop with the officers name that assaulted me, his badge number, but no DC number.

35

130 plaintiff alledges that on September 20 2023 after he was assaulted in the 22ND district police station by Ezekiel Cortes, the supervisor Cpl Brook refused to write a report, despite plaintiff informing her he was injured.

131    No District control number has been issued till this Day.

132 Philodelpia police department Directive 10.18 issued 8/29/14 effective that date, updated 10/25/22 subject complaint on police, states all complaint must be investigated by the supervising officer and the O P R office of professional responsibility.

133 Order states that the supervisor shall prepare a complaint or incident report (75-48) even if no complaint filed at the time of the incident.

134 Brooks lied to plaintiff re: forwarding criminal complaint to central detectives re: FRAUD.

36

# Philadelpia Police: A History of Brutality

141 Plaintiff hereby incorporates the prior and subsequent paragraphs of This Complaint as Though fully set fourth at length.

## Count I
### 42 USC 1963 "Equal Protection Violation" v

## Count II
### LIBEL

## Count III
### 42 USC 1985 "Conspiracy To Interfere with Civil Rights"

## Count IV
### First Amendment "Retaliation"

## Count V
### False Claims Violation

142 Plaintiff hereby incorporates the prior and subsequent paragraphs as though fully set fourth at length

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any,

you required and received. Plaintiff has suffered from Defamation of Charater

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and

the basis for such compensation.

Wherefor Pro Se Plaintiff Prays the Honorable
For relief as follows, michael Gibson humbly
ask the Honorable Court to grant damges against
the Defendants

(a) Compensatory Damages for each count, determined by court
(b) Punitive Damages as determined by Jury Trial
(c) Compensation For Emotional Distress, mental Anguish
(D) Attorney Fees if Court Pool Attorney Assigned
(e) For Defendant to pay All court cost
(f) False Claims Act Awards.

Jury Trial in accordance with the Pa constitution

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of __JANUARY__ , 20 25.


Signature of Plaintiff _Michael Gibson_
Mailing Address _2130 N van Pelt St_
_Philadelpia_
_Pennsylvania_
Telephone Number _267 370 4157_
Fax Number *(if you have one)* _____
E-mail Address _mikegibbson007@gmail.com_

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.


Signature of Plaintiff: _____

Inmate Number _____