IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL GIBSON,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-427** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|     Defendants. : | |

## ORDER

**AND NOW**, this 16th day of April 2025, upon consideration of Plaintiff Michael Gibson's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) and *pro se* Complaint (Doc. No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons set forth in the accompanying memorandum, the Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

    a. Gibson's claims under 42 U.S.C. § 1983 stemming from the February 2015 incident and 2023 IAD investigation, his conspiracy claims related to those two events, and his claims under the False Claims Act are **DISMISSED WITH PREJUDICE**.

    b. Gibson's claims relating to the September 2023 incident and his state law claims are **DISMISSED WITHOUT PREJUDICE**.

4. Gibson may file an amended complaint within **thirty (30) days** of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended

complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Gibson's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint. When drafting his amended complaint, Gibson should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the accompanying memorandum.

5. The Clerk of Court is **DIRECTED** to send Gibson a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Gibson may use this form to file his amended complaint if he chooses to do so.

6. If Gibson does not wish to amend and instead intends to stand on his Complaint as pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Gibson fails to file any response to this Order, the Court will conclude that Gibson intends to stand on his Complaint and will issue a final order dismissing this case. *See*

*Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

<u>/s/Karen Spencer Marston</u><br>
KAREN SPENCER MARSTON, J.